DAVIS v. REFLEX CAMERA CO.

(Supreme Court, Appellate Division, Second Department.  May 12, 1905.)

1. REPETITION OF QUESTION TO WITNESS—OBJECTION AND EXCEPTION.
     Objection to a question and exception to the overruling thereof are available where, without objection being made, the question is then substantially repeated and answered.
     [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 192.]

2. INCOMPETENT EVIDENCE—PREJUDICIAL ERROR.
     Admission of evidence in an action for a loan, indebtedness for which is denied, that another also made a loan to defendant, and had to sue for it, is ground for reversal, it not tending to prove the indebtedness or to corroborate plaintiff's testimony, and the presumption being that it prejudiced the jury.

Appeal from City Court of Yonkers.

Action by Edward P. Davis against the Reflex Camera Company.  From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals.  Reversed.

See 90 N. Y. Supp. 877.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

William Riley, for appellant.

John H. Ferguson, for respondent.

RICH, J.  The plaintiff brought this action to recover moneys alleged to have been loaned by him to the defendant while acting as its secretary and treasurer.  The defendant denied this allegation, and interposed a defense, which it will be unnecessary to mention, in view of the disposition we are to make of this appeal.

The judgment rendered in favor of the plaintiff upon the verdict of the jury must be reversed, because of exceptions taken upon the trial.  The plaintiff, after giving evidence tending to show the amount due and owing, together with an acknowledgment of the indebtedness by defendant, called his father as a witness, who was permitted to testify that he loaned the company money from time to time, and was then asked, "And kept it going in that way?" Counsel for defendant objected to this question.  The objection was overruled; whereupon an exception was taken, and the witness answered, "Yes, sir."  He was then asked, "And you had to sue for your own money, too, Mr. Davis, didn't you?"  Counsel for defendant objected to this question as immaterial, irrelevant, and incompetent and not within the issue.  The objection was overruled, and exception was taken by the defendant.  Plaintiff's counsel then asked, "You had to sue for part of your money?" and the witness answered, "Yes, sir."  No objection was taken to the last question, but it was a substantial repetition of the one preceding, and the objection and exception are available.  This evidence did not tend in any way to prove the alleged indebtedness to the plaintiff or to corroborate the testimony he had given.  It might easily have prejudiced the jury, and the presumption is that it did.  The evidence was clearly incompetent and improper, and its admission was

error. Other exceptions were taken to the admission of evidence upon the trial and to the charge to the jury; but, as the judgment is to be reversed for the reasons already stated, it is unnecessary to discuss them.

Judgment and order reversed, with costs. All concur.